IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ARTHUR BIGGINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-844-GMS |
| | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

**I. BACKGROUND**

Pending before the court is James Arthur Biggins' "petition for extraordinary writ" under a miscarriage of justice. (D.I. 1) The court construes the petition to be Biggins' seventh application for federal habeas relief filed pursuant 28 U.S.C. § 2254. For the following reasons, the petition is denied.

**II. DISCUSSION**

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that could have been raised in a prior habeas application. *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

Although Biggins' has titled his document as a "petition for extraordinary writ," and asserts that his request should not be considered a second or success habeas application (D.I. 3), Biggins' instant filings actually constitute a challenge to his 1997 conviction. He has already requested, and has been denied, habeas relief with respect to the same underlying conviction on six prior occasions. *See Biggins v. Carroll*, Civ. A. No. 99-188-GMS, Mem. Order (D. Del. Sept. 23, 2002); *Biggins v. Carroll*, Civ. A. No. 03-273-GMS, Mem. Order (D. Del. Apr. 9, 2003); *Biggins v. Phelps et. al.*, Civ. A. No. 09-741-GMS, Mem. & Order (D. Del. Mar. 3, 2010); *Biggins v. Phelps*, Civ. A. No. 10-292-GMS, Order (D. Del. Apr. 30, 2010); *Biggins v. Phelps*, Civ. A. No. 10-724-GMS, Mem. & Order (D. Del. Sept. 28, 2010); *Biggins v. Phelps*, Civ. A. No. 12-586-GMS, Mem. & Order (D. Del. Mar. 4, 2013). The record reveals that Biggins has not obtained permission from the Third Circuit Court of Appeals to file the instant habeas request. Accordingly, the court will dismiss the instant petition as a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(1); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."). The court will also decline to issue a certificate of appealability because Biggins has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2008); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## III. CONCLUSION

For the aforementioned reasons, the court will deny Biggins' petition for extraordinary writ because it constitutes a second or successive habeas petition under 28 U.S.C. § 2244. A

separate Order will be entered.

Dec 10, 2015
DATE

_____
UNITED STATES DISTRICT JUDGE

3